IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONALD PATRICK MAXSON,<br>LOGAN JAMES LIVELY, and<br>JOSEPH W. PLOWS, SR.,<br><br>    Defendants. | CRIMINAL ACTION NO.<br><br>1:18-cr-404-MLB-CMS |

## **REPORT AND RECOMMENDATION**

Three defendants in the above-captioned case have filed motions to suppress evidence obtained pursuant to federal search warrants. Defendant Logan James Lively moves to suppress evidence derived from the search of his home, including evidence obtained from his cell phone, arguing that there was a lack of probable cause to support the warrant. [Doc. 95]. Defendant Joseph W. Plows, Sr. moves to suppress the evidence obtained from the search of certain electronic devices seized during the search of his residence, complaining that the execution of the warrant was faulty. [Docs. 109, 126]. And Defendant Ronald Patrick Maxson also moves to suppress evidence obtained from the search of his home. [Docs. 134, 135]. For the reasons that follow, I recommend that each of these motions be denied.

## I. BACKGROUND

On October 17, 2018, a grand jury sitting in the Northern District of Georgia returned a single-count indictment against five individuals, including the three defendants who have filed the instant motions to suppress evidence. The defendants were charged with advertising child pornography, in violation of 18 U.S.C. § 2251(d). [Doc. 1]. In its briefing, the Government summarizes the case against the defendants as follows:

> The defendants are alleged to have belonged to a group called "The Common Interest" that operated on Kik [a mobile app that allows persons to exchange messages and to attach photos, videos, documents, and links to Internet sites]. This was a group chat where participants posted child pornography and commented on others' postings. Participants could invite other persons to join the group—including, in this case, an FBI agent who was acting in an undercover capacity and who recorded the participants' postings and comments. As part of the investigation, the FBI obtained the IP addresses[1] of persons who posted child pornography. Summons to the Internet service providers identified the physical location of the electronic device when child pornography was posted. Based on this and other information, leads were sent out to FBI field offices to obtain and execute search warrants on the residences of the persons who had posted child pornography.

---

[1] According to the agent who obtained the search warrant for Mr. Maxson's home, an IP address "is a series of four sets of digits separated by a decimal. The Internet Service Provider supplies the IP address to its customers, which is used to access the internet. The investigative value of the IP address is that it identifies the physical location of the computer or electronic device that accessed the internet during the relevant period." [Doc. 135-1 at 3, n.1].

[Doc. 143 at 1–2; see also Doc. 144 at 1–2; Doc. 146 at 1–2]. These warrants, and the searches that were executed pursuant to them, are the subjects of the instant motions to suppress.

## II. LEGAL STANDARD FOR A MOTION TO SUPPRESS

"Probable cause to support a search warrant exists when the totality of the circumstances allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Carroll, 886 F.3d 1347, 1351 (11th Cir. 2018). To justify a conclusion that evidence or contraband will probably be found at the premises to be searched, the affidavit should establish a connection between the defendant, the location to be searched, and the suspected criminal activity. See United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). The Eleventh Circuit instructs that both the judges issuing warrants and those reviewing them after-the-fact should employ a practical, commonsense approach to the probable cause analysis. See United States v. Miller, 24 F.3d 1357, 1361 (11th Cir. 1994). Reviewing courts accord "great deference" to judicial determinations of probable cause to issue a search warrant. See United States v. Leon, 468 U.S. 897, 926 (1984).

### III.     LOGAN LIVELY'S MOTION TO SUPPRESS [DOC. 95]

On March 7, 2018, law enforcement officers presented an application for a search warrant for Mr. Lively's residence in Pinehurst, Idaho to the Honorable Mikel Williams, a United States Magistrate Judge in the United States District Court for the District of Idaho.  [Doc. 95-1 at 1].  In support of the application, FBI Special Agent James K. Lechner submitted an affidavit.  [Doc. 95-1 ("Lechner Aff.")].

In the affidavit, Special Agent Lechner averred that the FBI had reason to believe that Mr. Lively had posted child pornography to the Kik chat group "The Common Interest" one time, on June 29, 2017.  [Lechner Aff. ¶ 11].  Special Agent Lechner stated that he has an undergraduate degree in computer science, has obtained additional training in computers and electronic evidence, has received training specific to the investigation of child exploitation offenses, and (as part of his job) has reviewed numerous files containing child pornography.  [Id. ¶¶ 1–2]. Special Agent Lechner stated in his affidavit that persons with a deviant interest in the sexual abuse of children tend to collect and hold on to their collections indefinitely and often keep their collections at their home.  [Id. ¶ 21(c)].  Special Agent Lechner also provided background information about Kik, as well as the chat group "The Common Interest."  [Id. ¶¶ 5–6, 9–12].

According to the affidavit, someone with a user name "wolfman1041" and a screen name "Logan L" posted a video of suspected child pornography on June 29, 2017. [Lechner Aff. ¶¶ 10–11]. In response to an administrative subpoena served on Kik, law enforcement officers learned that "wolfman1041" accessed the Kik account using IP address 209.33.95.118 and that the e-mail address "llively86@yahoo.com" was associated with the Kik account. [Id. ¶ 13]. The investigation further revealed that the IP address was assigned to the Internet Service Provider Suddenlink Communications ("Suddenlink"). [Id. ¶ 14]. Law enforcement officers served an administrative subpoena on Suddenlink, which responded that the IP address for the date and time when the video was posted was assigned to a particular physical address in Pinehurst, Idaho. [Id. ¶¶ 14–16, 19]. According to the affidavit, agents conducted surveillance of that address where they observed a car parked in front of the house that was registered to Mr. Lively. [Id. ¶ 17]. The agents also contacted the United States Postal Inspection Service and learned that mail addressed to Mr. Lively was delivered to that address. [Id. ¶ 20].

Judge Williams signed the warrant, which authorized the agents to search Mr. Lively's home and to seize:

> The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of a crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United

>States Code, Sections 2251 [sexual exploitation of children], 2252 [certain activities relating to material involving the sexual exploitation of children], and 2252A [certain activities relating to material constituting or containing child pornography].

[Doc. 95-1 at 20–26]. The warrant then lists specific examples of such "materials," including computers and cellular telephones. [Id. at 25].

After Judge Williams signed the warrant, agents executed it and seized Mr. Lively's phone, upon which inculpatory evidence apparently was found. [Doc. 95-1 at 21; Doc. 95 at 3]. In his motion to suppress, Mr. Lively acknowledges that the affidavit alleges that he joined a Kik chat group where participants posted child pornography and that he posted an image of minors engaging in sexual activity; however, he nevertheless contends that Special Agent Lechner's affidavit failed to show probable cause to believe that evidence of a crime would be located at his home. [Doc. 95 at 2]. Mr. Lively argues that the affidavit was lacking because there was no evidence cited that his posting was intentionally done or that he knew of the content of the posting. He argues that "one alleged instance of posting, combined with his being part of a chat group, failed to sufficiently show probable cause that Lively possessed child pornography in his home." [Id. at 3]. The Government responds that the warrant was supported by probable cause. [Doc. 146]. Mr. Lively did not file a reply brief.

The facts set out in Special Agent Lechner's affidavit are sufficient to establish probable cause to believe that evidence of the crime of possession of child pornography would be found at Mr. Lively's home. Courts routinely affirm the denial of motions to suppress where the defendants make similar arguments, noting that it is logical to conclude that someone who posted child pornography online would also possess such files and store them at his home. For example, in United States v. Carroll, 886 F.3d 1347 (11th Cir. 2018), the Eleventh Circuit affirmed the denial of a motion to suppress evidence of child pornography that had been seized from the defendant's home pursuant to a search warrant. The probable cause for the warrant in that case was based on an agent's testimony that he had discovered twenty-two files of interest that were being shared from the defendant's IP address to a peer-to-peer network. See id. at 1350. Using that peer-to-peer network, the agent downloaded two videos directly from the defendant's computer, and both contained child pornography. See id. Then, the agent traced the IP address to the defendant's internet service account, obtained the address where that account was registered (which was the defendant's home address), and obtained a warrant for that address. See id. The defendant later sought to suppress evidence obtained from the search of his home, and the district court denied the motion. The Eleventh Circuit affirmed, concluding that the evidence presented in support of the warrant "strongly

supported a conclusion that evidence of child pornography would be found at [the defendant's] home." Id. at 1351.

Mr. Lively cites no authority for his argument that the affidavit required additional evidence that his posting was intentionally done and that he knew of the content of the posting. Nor does he cite authority for his argument that "one alleged instance of posting" is insufficient to create probable cause to believe that evidence of a child-pornography-related crime would be located in his home. See United States v. Vosburgh, 602 F.3d 512, 526–27 (3d Cir. 2010) (affirming the denial of a motion to suppress evidence seized from the defendant's apartment where the probable cause was based on an IP address that was used to attempt to access child pornography).

It is evident that Judge Williams reasonably found that the facts in Special Agent Lechner's affidavit established a fair probability that child pornography would be found in Mr. Lively's home. Accordingly, Mr. Lively's motion to suppress should be denied.

**IV.    JOSEPH PLOWS'S MOTION TO SUPPRESS [DOCS. 109, 126]**

On March 9, 2018, law enforcement officers presented an application for a search warrant for Mr. Plows's residence to the Honorable Robert C. Mitchell, a United States Magistrate Judge in the United States District Court for the Western

District of Pennsylvania.  [Doc. 126-1 at 1].  On March 9, 2018, Judge Mitchell signed the warrant, authorizing agents to search Mr. Plows's home and to seize:

> The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Sections 2252(a)(2) and (b)(1) [receipt or distribution of child pornography], and 2252(a)(4)(B) and (b)(2) [possession of child pornography].

[Id. at 5].  The warrant goes on to provide examples of such materials, including "[c]omputers or storage media used as a means to commit the violations described above," along with a detailed itemization of exactly what information could be seized from such computer or storage medium.  [Id. at 5–6].  The warrant required that it be executed "on or before 14 days" from the date it was signed, March 9, 2018.  [Id. at 1].  On March 12, 2018, agents executed the warrant and seized nine electronic devices.  [Id. at 2–3].

In his motion to suppress, Mr. Plows argues that the warrant did not authorize the search of the electronic devices, and he complains that the offsite search of those devices occurred more than fourteen days after the warrant was signed.  [Doc. 126 at 2].  In response, the Government cites to Rule 41 of the Federal Rules of Criminal Procedure and its advisory committee notes, arguing that law enforcement officers may lawfully seize or copy an entire electronic storage medium and review it later

to determine what electronically stored information falls within the scope of the warrant. Mr. Plows did not file a reply brief.

The Government is correct that Federal Rule of Criminal Procedure 41(e)(2)(B) allows for the seizure of devices, followed by a later, offsite search of electronic evidence:

> **Warrant Seeking Electronically Stored Information.** A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.

FED. R. CRIM. P. 41(e)(2)(B). This subsection recognizes that "[c]omputers and other electronic storage media commonly contain such large amounts of information that it is often impractical for law enforcement to review all of the information during execution of the warrant at the search location." FED. R. CRIM. P. 41(e)(2) advisory committee's note to 2009 amendments. The Advisory Committee note states that Rule 41(e)(2)(B) was intended to create a two-step process: "officers may seize or copy the entire storage medium and review it later to determine what electronically stored information falls within the scope of the warrant." Id. Here, the search warrant allowed the agents fourteen days to execute it. [Doc. 126-1 at 1]. The warrant was signed on March 9, 2018, and the return shows that it was executed

three days later, on March 12, 2018, well within the fourteen-day time frame. [Doc. 126-1 at 2]. The agents fully complied with the warrant's terms. Judge Mitchell could have included a protocol setting out a particular timeframe whereby the offsite search of the devices was to have been completed, but he did not. As such, there is nothing in the warrant limiting the agents' search of the electronic media or setting a deadline for the completion of the search, and therefore there is no basis to suppress any evidence located during the search. For this reason, I recommend that the motion to suppress filed by Mr. Plows be denied.

## V.    RONALD MAXSON'S MOTIONS TO SUPPRESS [DOCS. 134, 135]

On March 6, 2018, law enforcement officers presented an application for a search warrant for Mr. Maxson's residence to the Honorable Patricia Morris, a United States Magistrate Judge in the United States District Court for the Eastern District of Michigan. [Doc. 135-1 at 1]. The application was supported by an affidavit signed by FBI Special Agent Douglas Smith. [Doc. 135-1 ("Smith Aff.")].

In the affidavit, Special Agent Smith averred that the FBI had reason to believe that Mr. Maxson had posted child pornography to the Kik chat group "The Common Interest" on June 28 and 29, 2017. [Smith Aff. ¶¶ 10–12]. Special Agent Smith stated that they had identified Mr. Maxson based on his IP address. [Id. ¶ 14]. Smith stated that agents believed that they would find "evidence, contraband, fruits

and instrumentalities" of violations of 18 U.S.C § 2252(a)(4), which criminalizes the possession of child pornography, at Mr. Maxson's home. [Id. ¶ 1]. Judge Morris signed the warrant, thereby authorizing the search of Mr. Maxson's home for evidence of child pornography. [Doc. 135-1 at 18–23]. Mr. Maxson has filed two separate motions to suppress evidence obtained pursuant to the warrant.

In his first motion, Mr. Maxson argues—without citation to a single legal authority—that all evidence derived from any electronic device associated with him should be suppressed because the warrant does not authorize the search of cell phones, computers, or hard drives. [Doc. 134 at 1–2]. In response, the Government points out that the application for the search warrant indicated that agents wished to search for materials showing a violation of the statutes prohibiting the possession of child pornography, including "evidence of a crime; contraband, fruits of crime, or other items illegally possessed; and property designed for use, intended for use, or used in committing a crime." [Doc. 135-1 at 1; Smith Aff. ¶ 1]. The warrant in this case specifically authorized the seizure of "[c]omputers, computer hardware, computer software, . . . cellular telephones or other video display and storage devices that can access, record, store, and/or display images or videos of child pornography or child erotica or information pertaining to an interest in child pornography or sexual activity with minors." [Doc. 135-1 at 22]. The Government directs the Court

to Federal Rule of Criminal Procedure 41(e)(2)(B), which addresses electronically stored information and authorizes agents to seize devices and conduct a review of those devices at a later date and time, unless otherwise specified in the warrant. Here, the warrant placed no restriction on searching the seized electronic evidence. The Government argues:

> The Defendant's residence was searched, and electronic evidence was seized pursuant to a properly issued search warrant. The warrant was obtained after submitting an application accompanied by an affidavit laying out probable cause that evidence of a crime would be found at the Defendant's residence. The Defendant has not alleged that the agent submitting the application made material misrepresentations or omissions of fact. Likewise, there is no allegation that the warrant was overbroad, or that the agents executing it exceeded the scope of the warrant. Accordingly, the electronic evidence, seized pursuant to the valid federal search warrant, is admissible at trial.

[Doc. 145 at 3]. Mr. Maxson did not file a reply brief or present any argument to support his position. In the absence of any argument to the contrary, I conclude that the Government's position is patently correct, and I recommend that the district judge deny Mr. Maxson's barebones motion for the reasons argued by the Government.

In his second motion, Mr. Maxson argues—again citing no legal authority—that the nine-month-long time gap between the last suspected criminal behavior (June 29, 2017) and the presentation of the warrant to the magistrate judge (March 6, 2018) renders the warrant without probable cause because the information

supporting it was stale. [Doc. 135 at 1–2]. The Government responds that "staleness does not apply when examining computer evidence of the sexual exploitation of children," and provides numerous cases in support of its position. [Doc. 143 at 2–6]. Mr. Maxson did not file a reply brief.

Probable cause must exist when the magistrate judge issues the search warrant, and the information supporting the application for a search warrant must be timely. See United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994), holding modified by United States v. Toler, 144 F.3d 1423 (11th Cir. 1998). In determining if information is stale, the Court must look at the unique facts of each case. See Harris, 20 F.3d at 450. The Eleventh Circuit has held that there is no particular rule or time limit for when information becomes stale, and courts must look at the unique facts of each case to decide the question of staleness. See United States v. Bervaldi, 226 F.3d 1256, 1265 (11th Cir. 2000). Among the factors to be considered when analyzing a defendant's claim that the information supporting a warrant application is too stale to establish probable cause are: (1) the nature of the suspected crime and whether it is ongoing or continuous; (2) the character of the items sought; and (3) the nature and function of the premises to be searched. See id.

The Eleventh Circuit recently made the following observation regarding staleness challenges in the context of child-pornography crimes:

>  Our sister circuits have repeatedly rejected staleness challenges in appeals involving child pornography. They have observed that "pedophiles rarely, if ever, dispose of child pornography." United States v. Zimmerman, 277 F.3d 426, 434 (3d Cir. 2002); see also United States v. Burkhart, 602 F.3d 1202, 1206–07 (10th Cir. 2010); United States v. Morales-Aldahondo, 524 F.3d 115, 119 (1st Cir. 2008); United States v. Hay, 231 F.3d 630, 636 (9th Cir. 2000). And probable cause of involvement in electronic child pornography remains even longer because deleted files can remain on electronic devices. See United States v. Frechette, 583 F.3d 374, 379 (6th Cir. 2009); Hay, 231 F.3d at 636. As the Tenth Circuit explained, "information that a person received electronic images of child pornography is less likely than information about drugs, for example, to go stale because the electronic images are not subject to spoilage or consumption." Burkhart, 602 F.3d at 1207. . . . We are persuaded that the reasoning of our sister circuits applies in this circumstance.

United States v. Touset, 890 F.3d 1227, 1238 (11th Cir. 2018). I, too, am persuaded by the reasoning of the circuit courts cited above and find that it defeats Mr. Maxson's staleness argument.

Special Agent Smith, a law enforcement officer with more than nine years of training and experience, prepared the search warrant application and supporting affidavit. [Smith Aff. ¶¶ 1–2]. His affidavit recounted the facts of the initial investigation and explained that people who view child pornography typically store the materials for many years in the privacy and security of their own homes. [Id. ¶ 20(c)]. He also stated that computers can store images in digital form, which makes them an "ideal repository for child pornography." [Id. ¶ 24]. He also stated that digital information can be saved on a computer intentionally (such as by saving

an e-mail as a file or saving the location of one's favorite websites in bookmarked files) or unintentionally; traces of the path of an electronic communication may be automatically stored in many places, and Internet activities can leave "footprints" in the web cache and history files of the browser used. [Id. ¶ 27]. According to Special Agent Smith, such information is often maintained indefinitely on the computer until overwritten by other data. [Id.]. Special Agent Smith based these statements on his personal observations, training, and experience. [Id. ¶ 3].

The Eleventh Circuit and courts in this district have repeatedly held that evidence of possession and distribution of child pornography older than nine months may form a valid basis for a search warrant. See United States v. Lovvorn, 524 F. App'x 485, 487 (11th Cir. 2013) (rejecting staleness argument relating to a search for evidence of child pornography where the factual basis for the warrant was nine-to-twelve months old); United States v. McBurnette, 382 F. App'x 813, 815 (11th Cir. 2010) (concluding that the information in a warrant affidavit was not stale where the last incident of alleged sexual contact had occurred almost two years earlier); United States v. Wilson, No. 4:12-CR-00023-RLV-WEJ, 2012 WL 7992597, at *13 (N.D. Ga. Nov. 28, 2012) (ruling that one-year-old evidence of child-pornography offense was not stale); c.f. Touset, 890 F.3d 1227, 1238 (holding that no suspicion is necessary to search electronic devices at the border and alternatively, that that

eighteen-month-old evidence was sufficient to create reasonable suspicion to search the defendant's electronic devices).

Moreover, the Fifth Circuit recently rejected a staleness challenge to a similar warrant under very similar circumstances as those presented in Mr. Maxson's case. In United States v. Contreras, 905 F.3d 853 (5th Cir. 2018), the Fifth Circuit affirmed the denial of a motion to suppress where the probable cause was based on eleven-month-old evidence. See id. at 856. In that case, a federal agent saw that a certain user had uploaded sexually-graphic images of young children to a group chat on Kik. The defendant had done so using a cell phone connected to the Wi-Fi connected to his residence. Using an administrative subpoena and other investigative tools, federal agents were able to identify the defendant as the user, and they obtained a search warrant for the defendant's home. See id. at 855–56. The defendant argued that the information in the affidavit was stale because the agent observed the uploads in April 2016 but did not seek a warrant until March 2017. See id. at 858. The district court rejected this argument and denied the motion to suppress.

In affirming the district court's denial of the motion to suppress, the Fifth Circuit noted that the agent had provided evidence that people with a sexual interest in children often keep their child pornography for years, and that even when their files are deleted, forensic experts can frequently recover them:

> Here, [the agent] attested that evidence in child pornography cases may be kept for years because people who collect child pornography typically maintain those materials for a long time, and forensic experts can frequently recover evidence of deleted files. These assertions were offered alongside "specific facts" linking [the defendant's] residence to uploads of child pornography.

Contreras, 905 F.3d at 858. The Fifth Circuit's logic is consistent with all of the caselaw cited herein. Mr. Maxson has cited no legal authority to seriously challenge the significant body of caselaw contrary to his position.

Based on the facts presented in this case, I conclude that the information supporting the Government's application for the warrant was timely and that probable cause to believe that the agents would find evidence of possession of child pornography existed at the time that Judge Morris signed the warrant. Each of the factors for determining staleness weighs in favor of a finding that the information in Special Agent Smith's affidavit was not stale. There was evidence that the nature of the suspected crime (possession of child pornography) is one where offenders routinely store the materials for long periods of time. There was also evidence to support the conclusion that the types of materials to be seized (including electronic images and files as well as their unintended traces and footprints) are the types of materials that are likely to remain on the electronic devices for long periods of time. Moreover, there was competent evidence that the place to be searched—the suspect's home—is a common place for people who view child pornography to store

their pornographic materials due to the privacy and security that a home may offer. Accordingly, I recommend that this motion to suppress be denied.

## VI.     CONCLUSION

It is evident that the three magistrate judges who issued the warrants followed the law, used a commonsense, practical approach, and correctly found that there was probable cause to believe that the requested searches would yield evidence of violations of law.  While it was not a certainty that such evidence would be discovered at the homes of the three defendants, there was a fair probability that it would, and that is all that the law requires.  Accordingly, I **RECOMMEND** that the pending motions to suppress [Docs. 95, 109, 126, 134, 135] be **DENIED**.

Additional pre-trial motions are still pending in this case, and another report and recommendation is forthcoming.

**SO REPORTED AND RECOMMENDED**, this 4th day of December, 2019.

_____
Catherine M. Salinas
United States Magistrate Judge