# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

United States of America,

v.

Ronald Patrick Maxson (3), Logan James Lively (4), and Joseph W. Plows, Sr. (5),

Defendants.

Case No. 1:18-cr-00404

Michael L. Brown
United States District Judge

_____/

## OPINION & ORDER

Defendants Ronald Patrick Maxson, Logan James Lively, and Joseph W. Plows, Sr. moved to suppress evidence seized by the United States pursuant to various search warrants. Defendant Plows moved to suppress evidence from several electronic devises claiming faulty execution of the warrant (Dkts. 109; 126) while Defendant Lively sought to suppress evidence obtained during a search of his home, including evidence from his phone, arguing the warrant lacked probable cause (Dkt. 95). Defendant Maxson moved to suppress evidence obtained from the search of his home claiming the warrant was stale (Dkts. 134; 135). Magistrate Judge Catherine M. Salinas filed a Report and

Recommendation (Dkt. 153) saying the Court should deny all three motions. Defendants filed objections. (Dkts. 160; 170; 172.) The Court accepts the Magistrate Judge's recommendations and affirms the denial of each Defendant's motion.

I.  **Background**

Defendants Maxson, Lively, and Plows are charged with advertising child pornography in violation of 18 U.S.C. § 2251(d). (Dkt. 1.) The United States claims these Defendants (and others) belonged to a group on Kik called "The Common Interest." (Dkts. 143 at 1-2; 144 at 1-2; 146 at 1-2.)[1] According to the United States, "The Common Interest" was a group chat in which participants posted child pornography and commented on others' postings. (*Id.*) Participants could invite other people to join the group — including, in this case, an undercover FBI agent posing as someone interested in child pornography. (*Id.*) The FBI obtained the IP addresses of participants who posted child pornography in the chat. Agents then issued subpoenas to internet service providers and conducted other investigations to identify the people who made

---

[1] Kik is a mobile app that allows people to exchange messages, photographs, videos, documents, and links. (Dkts. 143 at 1-2; 144 at 1-2; 146 at 1-2.)

2

various postings. (*Id.*) They obtained and executed search warrants looking for evidence of the postings. This order involves three of those warrants. (*Id.*)

## II. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge should "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.,* 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). For those findings and recommendations to which a party has not asserted objections, the court must conduct a plain error review of the record. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Parties filing objections to a magistrate's report and recommendation must specifically identify those findings to which they

3

object. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* The Court has conducted a de novo review of Defendants' motions to suppress.

A.  **Defendant Plows's Motion to Suppress**

Defendant Plows moved to suppress the search of his electronic devices claiming the agents improperly searched the devices outside the fourteen-day window set forth in the warrant. The Magistrate Judge rejected this argument, concluding Federal Rule of Criminal Procedure 41(e)(2)(B) allows for the seizure of devices followed by a later, offsite search and that (unless specifically stated) the time set forth in a warrant refers to the time during which agents may execute the warrant on-site and not the time during which they must complete their off-site review. (Dkt. 153 at 10.) In his objections, Defendant Plows identifies no legal authority in opposition to the Magistrate Judge's ruling but rather simply repeats his claim that the agents violated the time limit. (Dkt. 170 at 1–2.)

This Court disagrees. Magistrate Judge Salinas's ruling tracks the language of Rule 41(e)(2)(b). The Advisory Committee Notes to the Rule

4

also state that the rule was intended to create a two-step process: "officers may seize or copy the entire storage medium and review it later to determine what electronically stored information falls within the scope of the warrant." FED. R. CRIM. P. 49(e)(2).

The authorizing judge signed the warrant for Defendant Plows's devices on March 9, 2018. (Dkt. 126-1 at 11.) It required the officers to execute the warrant within fourteen days. (*Id.*) Officers executed it three days later. (*Id.*) The warrant included no language suggesting law enforcement officers had to complete their analysis of the devices within the fourteen days. The Court overrules Defendant Plows's objections, adopts the Magistrate Judge's recommendation, and denies Defendant Plows's motion to suppress the search and seizure of his electronic devices.

### B. Defendant Lively's Motion to Suppress

Defendant Lively claims the Magistrate Judge erred in finding the warrant application for the search of his house established probable cause for the search. (Dkt. 172 at 2–3.) He claims the warrant's reliance on a single distribution of a video nine months earlier was insufficient to establish probable cause. (*Id.* at 2, 4, 5–6.) He also claims the warrant

failed to ascribe a link between the posting and the contraband. (*Id.* at 3.) He claims the Magistrate Judge erred in relying on the Eleventh Circuit's decision in *United States v. Carroll*, 886 F.3d 1347, 1351 (11th Cir. 2018). (*Id.* at 2.) Finally, he claims the information in the warrant application was stale by the time agents obtained the warrant. The Court disagrees with each of his arguments.

The Fourth Amendment mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. The magistrate reviewing a warrant must make a practical, common-sense decision whether, given all the circumstances set forth in the probable cause affidavit, there is a fair probability that law enforcement will find evidence of a crime in a particular place. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). The affidavit should establish a connection between the defendant and the place law enforcement wants to search and a link between that place and any criminal activity. *See United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002). "[T]he duty of a reviewing court is simply to ensure that the

magistrate had a 'substantial basis' for concluding that probable cause existed . . . ." *Gates,* 462 U.S. at 250.

Courts must give "great deference" to a magistrate judge's decision and uphold a magistrate's findings even in marginal or doubtful cases. *See United States v. Nixon*, 918 F.2d 895, 900 (11th Cir. 1990). "Deference to the magistrate, however, is not boundless." *Leon*, 468 U.S. at 914. "[R]eviewing courts will not defer to a warrant based on an affidavit that does not provide the magistrate with a substantial basis for determining the existence of probable cause." *Id*. at 915 (internal quotation marks omitted).

Here, the Court agrees with the Magistrate Judge's conclusion that the affidavit established probable cause to believe law enforcement would find evidence of the possession of child pornography on computers, cellular telephones, and other electronic storage devices found in the house at 309 4th Street in Pinehurst, Idaho. Contrary to Defendant Lively's objections, the affidavit linked computer equipment at that location with the possession of child pornography. After describing The Common Interest Kik group, the affiant explained that someone in the group with the username "wolfman1041" posted a 51 second video of child

pornography (specifically, a prepubescent girl digitally penetrating the vagina of another prepubescent girl). (Dkt. 95-1 ¶¶ 9, 11.) He explained that "wolfman1041" also used the screenname "Logal L", that "wolfman1041" provided Kik the email address llively86@yahoo.com, and that "wolfman1041" used an identifiable IP address to access the Kik group on several occasions. (*Id.* ¶¶ 13, 14.) The agent/affiant explained that he subpoenaed the internet service provider, requesting information about the subscriber who used that IP address on the date and time the video was posted — that is, information about the subscriber who distributed the video. (*Id.* at 14.) The internet service provider identified the subscriber as Lisa Sergeant with service at the 309 4th Street address. (*Id.*)

The affiant then explained that he linked Defendant Lively to that address. First, he reviewed law enforcement databases and the Idaho Department of Motor Vehicles, which listed Defendant Lively's address as 309 4th Street in Pinehurst, Idaho. (*Id.* ¶¶ 15–16.) Agents then went to that location and saw a car registered to Defendant Lively (and another person) at it. (*Id.* ¶ 22.) They also obtained information from

8

the United States Post Office showing Defendant Lively received mail at that address. (*Id.*)

The affiant explained that he has considerable experience investigating the possession of child pornography and that people interested in such materials, typically maintain their collection for years, collect it on various electronic media (including cell phones and computers), and keep it in their homes for easy access. (*Id.* ¶ 21(d)-(e).) Finally, he explained that — even without the user's knowledge — evidence of the possession or distribution of child pornography may remain on electronic devices indefinitely. (*Id.* ¶ 28.)

All in all, the affiant provided probable cause to believe that images of child pornography — even if only the one video posted on the Kik group by "wolfman1014" — and other evidence of the possession of child pornography would be found at the location to be searched. The Eleventh Circuit reached a similar conclusion in *United States v. Carroll,* 886 F.3d at 1351. Defendant Lively says that case is inapplicable because the agents in *Carroll* linked 22 files to the defendant's residence while the affidavit in this case linked only one video. (Dkt. 172 at 2.) No authority suggests that the number of images is the critical, decisive factor. In

*Carroll*, the Eleventh Circuit recognized that evidence tracing the distribution of child pornography via the internet to a residence provided probable cause for a search of that residence for evidence regarding the possession of illegal images. So too in this case, the affidavit linked Defendant Lively and his residence to a previous distribution of child pornography. The Magistrate Judge properly relied on *Carroll*.

Defendant Lively also contends the one posting was insufficient because it happened nine months prior to the warrant. In support of his argument, Defendant Lively cites *United States v. Zimmerman*, 277 F.3d 426, 437 (3d Cir. 2002), in which the court held that information someone in a house viewed child pornography was insufficient to establish probable cause for a search of that house six months later. The passage of time, however, was not the primary issue in *Zimmerman*. Instead, the Court of Appeals recognized that the warrant application "did not contain any information indicating [the defendant] ever possessed child pornography." *Id*. The warrant showed that he accessed and viewed pornography, but it contained no evidence he downloaded it or otherwise possessed illegal images.

That is not the case here. The affidavit established that "wolfman1041" possessed the video he uploaded to the Kik group and that he did so from the location to be searched. The mere passage of time is insufficient to render the probable cause stale, particularly in the light of the agent's professional judgment that individuals who possess this material covet their collection and maintain it for years.[2]

The Court also denies Defendant Lively's claim that the warrant was too broad and that, if the warrant was invalid, the United States would not be entitled to the good faith exception to suppression. As to the former, the affidavit established a link between the possession of child pornography and various electronic storage devices and internet service providers, the items Defendant Lively claims made it too broad. The affidavit established that these items might contain evidence of the possession of child pornography. As to the latter, the Court disagrees with Defendant Lively's claim that the warrant was so obviously lacking as to prevent application of the good faith exception.

---

[2] The Court discusses this concept in more detail below in regard to Defendant Plows's motion to suppress. The same rationale applies to Defendant Lively's claim that the mere passage of time rendered the search warrant allegations stale.

The government is not barred from using evidence obtained by officers acting in reasonable reliance on a search warrant issued by a neutral magistrate, even if the search warrant is ultimately found invalid. *See United States v. Leon*, 468 U.S. 897, 923 (1984). The Supreme Court has explained that, given the goal of deterring misconduct, a court should not apply the exclusionary rule unless the application or warrant was so defective or deficient that no reasonably well-trained officer would have relied on them. *Id*. Put differently, the exclusionary rule does not apply when an officer, acting with objective good faith, obtains a search warrant from a neutral magistrate judge and acts within the scope of the warrant. *Id*. at 920–21. This good faith exception does not apply in four instances, specifically when: (1) the judicial officer issues the warrant on a deliberately or recklessly false affidavit; (2) the judicial officer abandons his judicial role; (3) the warrant so lacks any indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant is so facially deficient that an officer could not reasonably presume it valid. *Id*. at 923.

Having reviewed the warrant, the Court concludes that, if the warrant were invalid, the government would nonetheless be entitled to

the benefit of the good faith exception. There is no evidence the affiant intentionally or recklessly misled the issuing magistrate judge. There also is no evidence the magistrate judge abandoned his "judicial role" in issuing the warrant. Similarly, the affidavit is not so lacking in indicia of reliability or otherwise so facially deficient that no reasonable agent could have believed it valid.

The Court adopts the Magistrate Jude's Report and Recommendation and denies Defendant Lively's motion to suppress.

### C. Defendant Maxson's Motion to Suppress

Law enforcement obtained and executed a search warrant at Defendant Maxson's residence based on evidence linking his residence to the posting of two videos and one photo containing child pornography. One of the videos showed the rape of a girl between the ages of two and four. (Dkt. 135-1 ¶ 11.) The other showed the rape of a prepubescent girl. (*Id.* ¶ 12.) The photograph showed the exposed vagina of a girl between two and six years old. (*Id.* ¶ 10.) Defendant Maxson does not challenge the adequacy of the evidence to establish probable cause for the search other than to claim the evidence was stale as law enforcement officers did not seek the warrant until eight months after the items were

13

posted. (Dkt. 160 at 2.) This is the same argument he made before the Magistrate Judge.

The staleness doctrine requires that the information supporting the government's application for a warrant establish probable cause at the time the warrant issues. *United State v. Bervaldi*, 226 F.3d 1256, 1264 (11th Cir. 2000). There is not, however, any particular rule or time limit for when information becomes stale. Instead, "staleness is an issue which must be decided on the peculiar facts of each case." *Id.* (quoting *United States v. Bascaro*, 742 F.2d 1335, 1345 (11th Cir. 1984)). The Eleventh Circuit has explained that courts should consider, not only the length of time, but also "the nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." *United States v. Touset*, 890 F.3d 1227, 1238 (11th Cir. 2018). In reaching this decision, the Eleventh Circuit has followed the lead of other circuit courts in finding that the type of charges at issue here (the possession of child pornography) elongates the probative value of prior possession, keeping it fresh and preventing it from going stale as quickly as other evidence might. *Id.* This is because "pedophiles rarely, if ever, dispose of child

pornography" and because evidence of child pornography can remain on electronic devices long after someone attempts to delete it. *Id.* (citing *Zimmerman*, 277 F.3d at 434; *United States v. Burkhart*, 602 F.3d 1202, 1206–07 (10th Cir. 2010); *United States v. Morales-Aldahondo*, 524 F.3d 115, 119 (1st Cir. 2008); *United States v. Hay*, 231 F.3d 630, 636 (9th Cir. 2000)). Based on this analysis, the Eleventh Circuit held that evidence a defendant may have purchased child pornography at one time, was not so stale as to preclude probable cause for a warrant a year and a half later. *Id.*

This case involved an even shorter passage of time. The affidavit presented probable cause to believe Defendant Maxson possessed child pornography between June 28 and 29, 2017 — the day he uploaded the images. Defendant Maxson does not dispute this. In addition, the affiant specifically alleged that people who possess child pornography often maintain their collections for years, that they keep their collections safe and secure, that modern storage devices allow individuals to easily store large quantities of illegal files, and that evidence of the possession of child pornography can be maintained on electronic devices indefinitely (and even after a suspect tries to delete it). (Dkt. 135-1 ¶¶ 20(d), 24, 27.)

15

The Court adopts Magistrate Judge Salinas's conclusion that, in the light of these allegations and the nature of the charges, the mere passage of eight months did not render stale evidence of Defendant Maxson's possession of the two videos and one photo so as to preclude a finding of probable cause on the day the Magistrate Judge issued the warrant.

And, as in the case of the warrant for the search of Defendant Lively's residence, the Court concludes that, even if the warrant for the search of Defendant Maxson's residence was invalid, the United States would nonetheless be entitled to the benefit of the good faith exception. There is no evidence the affiant intentionally or recklessly misled the issuing magistrate judge or that the magistrate judge abandoned his "judicial role" in issuing the warrant. Similarly, the affidavit is not so lacking in indicia of reliability or otherwise so facially deficient that no reasonable agent could have believed it valid. Although the issuing magistrate judge did not have the benefit of the Eleventh Circuit's decision in *Touset*, the affidavit clearly established the ongoing freshness of the evidence in this case such that a reasonable agent would have believed the warrant valid.

The Court adopts the Magistrate Judge's Report and Recommendation and denies Defendant Maxson's motion to suppress.

## III. Conclusion

The Court **OVERRULES** Defendants Plows's, Lively's, and Maxson's Objections to the Report and Recommendation (Dkts. 160; 170; 172), **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 153), and **DENIES** Defendants Plows's, Lively's, and Maxson's Motions to Suppress (Dkts. 95; 109; 126; 134; 135).

**SO ORDERED** this 12th day of February, 2020.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE